UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JENY CATALINA MORENO PARRA,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

Case No. 5:26-cv-05410-DTB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I.

## PROCEEDINGS

On September 14, 2026, petitioner Jeny Catalina Moreno Parra ("Petitioner"), proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C § 2241 ("Petition") (Docket No. 1).[1]

On September 24, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 6), Respondent filed an Answer to the Petition ("Answer")

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

(Docket No. 8), accompanied by one exhibit (Docket No. 8-1). In the Answer, Respondents acknowledge that Petitioner appears to be entitled to an initial bond hearing pursuant to Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) ("Rodriguez Vazquez"). (Docket No. 8 at 2 ["Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, [183 F.4th 1160] (9th Cir. 2026)[.]"]). In the Answer, Respondents also state that: "[T]o the extent a bond hearing is nonetheless affirmatively ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases prior to the *Bostock* ruling, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days. Should the Court enter relief in that regard, judgment may be entered immediately, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will then be necessary in this matter." (Id. at 3).

Petitioner did not file a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court finds that habeas relief is warranted and therefore grants the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico. (Docket No. 8-1). Petitioner alleges that she is subject to a 2006 removal or reinstatement order. (Petition at 4). In 2006, Petitioner was released on parole and has lived openly in the United States for the past 20 years. (Id. at 6). Petitioner further alleges that she has an asylum application that is still pending. (Id. at 5).

In their Answer, Respondents allege that in 2023, Petitioner was arrested while attempting to bring fentanyl into the Barry J. Nidorf Youth Facility, where her son was a resident. (Docket No. 8 at 2). In July 2025, Petitioner was criminally charged by the Los Angeles County District Attorney's Office for violation of

California Penal Code section 4573.5. (Id.) In February 2026, Petitioner was sentenced to 16 months in state prison. (Id.)

On August 26, 2026, the California Department of Corrections and Rehabilitation ("CDCR") – California Institution for Women ("CIW") State Prison in Corona, California, notified San Bernardino Enforcement and Removal Operations ("ERO") that Petitioner was scheduled to be paroled from their facility on August 28, 2026. (Docket No. 8 at 2; Docket No. 8-1 at 2).

On August 28, 2026, ERO San Bernardino conducted an in-person interview at CIW with Petitioner prior to taking custody. (Docket No. 8-1 at 2). During the voluntarily interview, Petitioner stated she is a national and citizen of Mexico who entered the United States illegally at a date and time she does not remember. (Id.). Petitioner also confirmed that her parents were citizens of Mexico and have no status in the United States. (Id.). CIW then released Petitioner into ERO San Bernardino custody. (Id.).

Petitioner was transported to San Bernardino ERO for processing without incident. (Id.). ERO San Bernardino processed Petitioner for removal and served her with a Notice to Appear (I-862), pursuant to Section 212(a)(6)(A)(i) of the INA, as amended. (Id.).

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (Id.; see https://locator.ice.gov/odls/#/results).

## III.

## PETITIONER'S CLAIMS

The Petition alleges the following claims for habeas relief: (1) Petitioner's detention violates her right to procedural due process under the Fifth Amendment; (2) Petitioner's detention violates her right to substantive due process under the Fifth Amendment; and (3) Petitioner's detention is in violation of the Administrative

Procedures Act. (Docket No. 1 at 6). The Petition seeks Petitioner's immediate release from custody. (Id. at 7).

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## V.

## DISCUSSION

### A. **Habeas Relief is Warranted in the Form of a Bond Hearing.**

Section 1226(a), the "default detention statute for noncitizens in removal proceedings," Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023), provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed to the United States." 8 U.S.C. § 1226(a).

While Petitioner claims that she was released on parole by ICE in 2006, and thereafter lived for 20 years "outside immigration custody" (Petition at 7), the Form I-213 submitted by Respondents conflicts with Petitioner's version of her immigration history, as there is no record of Petitioner being contacted or released in 2006. (See Docket No. 8-1). Nonetheless, Respondents indicate Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and, therefore, assert that Petitioner appears to be entitled to receive an initial bond hearing pursuant to Rodriguez Vasquez. (Docket No. 8 2-3). The Court in Rodriguez Vasquez confirmed, *inter alia*, that the detention of noncitizens pursuant to Section 1226(a) (such as Petitioner) is discretionary, allowing for their release on bond pending removal proceedings. Rodriguez Vasquez,183 F.4th at 1167. As such, on this record, the Court finds that Petitioner's continued detention without a bond hearing violates 8 U.S.C. § 1226(a) and Petitioner's right to due process.

Therefore, the Petition is granted and Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge consistent with all applicable statutory requirements and agency regulations, pursuant to 8 U.S.C § 1226(a).[2]

## VI.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered: (1) Granting the Petition; (2) ordering Respondents to provide Petitioner Jeny Catalina Moreno Parra (A# 240-173-3858) with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), as well as 8 C.F.R. §§ 1003.19 and 1236.1[3]

---

[2] The Court's determination that Petitioner is entitled to habeas relief on the first claim alleged in the Petition renders it unnecessary for the Court to address the other claims alleged in the Petition.

[3] The immigration judge must exercise his or her discretion to make a determination about whether to release Petitioner on bond based on relevant factors, including, but not limited to,

within seven (7) days of the date of this Order; (3) ordering Respondents to provide the immigration judge conducting the bond hearing with a copy of this Order; (4) ordering Respondents to release Petitioner from custody within eight (8) days following the date of this Order if Petitioner has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); and (5) ordering Respondents to file a status report within two (2) business days of the date of Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: October 16, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

criminal history, immigration history, manner of entry, whether fixed residence, length of residence, family ties, employment history, and compliance with prior orders. See Matter of Guerra, 241 I. & N. Dec. 37, 40 (BIA 2006). In addition, the immigration judge must provide the reasons for the decision orally or in writing. See 8 C.F.R. § 1003.19(f).